IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
|    CORE GROUP, INC. | : | |
|       dba THE INTERACTIVE CORE, | : | Case No. 1-05-bk-03952 |
|          Debtor, | : | |
| | : | Adv. No.: 1-05-bk-00128A |
| CORE GROUP INC., | : | |
|       dba THE INTERACTIVE CORE, | : | |
|          Plaintiff | : | |
|      v. | : | |
| | : | |
| UNITED STATES DEPARTMENT | : | |
| OF TREASURY | : | |
| INTERNAL REVENUE SERVICE, | : | |
|          Defendant | : | |
| | : | |

## OPINION

Before the Court are cross-motions for summary judgment in the adversary complaint filed in the above-captioned matter. For the reasons that follow, I will deny Debtor's motion for summary judgment and dismiss the complaint for lack of personal jurisdiction.

### Procedural History

On June 13, 2005, Debtor filed for relief under chapter 11 of the Bankruptcy Code (the "Petition Date"). Prior to the Petition Date, Debtor obtained a line of credit and term loan with Drovers/Fulton Bank that was secured against Debtor's assets. The security interests were properly filed with the Pennsylvania Department of State in December 2001. On February 26, April 5, and June 29, 2004, and March 4, 2005, the Internal Revenue Service (the "IRS") filed notices of federal tax liens exceeding $77,500.00 against Debtor. The IRS then levied on Debtor's accounts receivable and received payment in the amount of $18,549.08 that was applied to Debtor's outstanding tax liabilities on June 9, 2005.

On July 27, 2005, Debtor initiated the above-stated adversary against the United States Department of Treasury, Internal Revenue Service ("Defendant") to recover a preferential transfer in the amount of $18,549.08. An answer to the complaint was filed on September 12, 2005, asserting that: 1) the Court lacked personal jurisdiction over the United States; 2) the federal tax lien was not avoidable; and 3) the IRS did not receive more through the lien and levy than it would have received in a Chapter 7 case. On January 28, 2006, Debtor filed the motion for summary judgment arguing that senior liens on Debtor's assets existed and, therefore, the IRS received more from the levies than it would have received if Debtor's assets had been liquidated in a chapter 7 case. On February 16, 2006, the Defendant filed a cross-motion for summary judgment reasserting that: 1) the United States Department of Treasury, Internal Revenue Service is not a proper party; 2) the statutory lien held by the IRS cannot be avoided; and 3) the Plaintiff failed to show that the United States lacked priority in the levied funds. The motions are fully briefed and ripe for decision.

## Discussion

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In response to a motion for summary judgment, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(e)). *Blair v. Scott Specialty Gases* 283 F.3d 595,

603 (3d Cir. 2002). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "There must be sufficient evidence for a jury to return a verdict in favor of the non-moving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." *Armbruster v. Unisys Corp.,* 32 F.3d 768, 777 (3d Cir.1994); *International Union, United Auto., Aerospace & Agr. Implement Workers of America, U.A.W. v. Skinner Engine Co.,* 188 F.3d 130, 137 (3d Cir. 1999)

As indicated in the Procedural History above, Debtor named the "United States Department of Treasury, Internal Revenue Service" as the sole defendant to the complaint. Defendant argues that the complaint must be dismissed for lack of personal jurisdiction over the United States Department of Treasury, Internal Revenue Service because Congress has not explicitly or impliedly authorized the agency to be sued in its own name. The Court agrees. "The United States, as sovereign, is immune from suit unless it has consented to be sued." *Ali v. United States Dep't of Treasury- IRS*, 2005 U.S. Dist. LEXIS 3426, *9 (W.D. Ohio 2005) (internal citations omitted). As stated in *Devries v. Internal Revenue Service*, 359 F. Supp.2d 988 (E.D. Ca. 2005):

> The IRS and the Treasury Department, are federal agencies within the United States Government. Federal agencies may not be sued in their own name except to the extent Congress may specifically allow such suits. Congress has made no provisions for suits against either the IRS or the Treasury Department, so these agencies are not proper entities for suit. Where taxpayers are authorized to sue on matters arising out of IRS actions, the United States is the proper party.

*Id.* at 991-92 (internal citations omitted). *See also Arthur-Ralph: Thompson v. Dep't of Treasury IRS*, 2006 U.S. Dist. LEXIS 35402 (W.D. Pa. 2006), *2. "[C]ongress has not constituted the

-3-

Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued eo nominee." *Id.* (citing *Castleberry v. Alcohol, Tobacco and Firearms Division of the Treasury Department of the United States, et al.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976)).

Debtor argues that this Court has personal jurisdiction over the Department of Treasury, Internal Revenue Service because Defendant filed a Proof of Claim and, therefore, has consented to jurisdiction by this Court. This assertion is incorrect. "It is a well settled principle that the IRS cannot be sued and the proper party in actions involving federal taxes is the United States of America." *In re Schlesinger,* 290 B.R. 529 n.1 (Bankr. E.D. Pa. 2002) (internal citations omitted). *See also Blackmar v. Guerre*, 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952)*; United States v. Levoy ( In re Levoy )*, 182 B.R. 827, 831 (9th Cir. BAP 1995). "[W]here Congress has waived the Government's immunity, it may define and limit the conditions under which suits may be brought." *Blackmar,* 342 U.S. at 514, 72 S.Ct. at 411 (citing *United States v. One (1) Douglas A-26B Aircraft*, 662 F.2d 1372 (11th Cir. 1981)). Although the IRS filed claims against the Debtor, it did so only as an agent for the United States. *See In re Morrell*, 69 B.R. 147, 149 ("It is clear from the claims that the United States is the actual claimant, although they were filed by an agent of the Internal Revenue Service. . . . Both officials [that signed and filed the claims] were agents of the Department of Treasury, Internal Revenue Service, 'authorized to make this proof of claim [or request payment on behalf of the United States.'"). Therefore, Debtor did not serve its Complaint upon the proper party. "Proper service on the United States is a condition to waiver of sovereign immunity, and as such, is necessary in order to obtain jurisdiction over the United States." *In re Partial Hospital Institute*

*of America*, 281 B.R. 728, 732 (Bankr. S.D. Ala. 2001).  Because Debtor failed to name the proper party, the complaint will be dismissed without prejudice.

  An appropriate order will be entered.

                BY THE COURT,

                *Mary D. France*
                Bankruptcy Judge

Date: August 2, 2006

  *This document is electronically signed and filed on the same date.*